UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
WAHIDUR RAHMAN,

                      Petitioner,

          -v.-

JUDITH ALMODOVAR, in her official
capacity as Acting New York Field Office
Director, U.S. Immigration & Customers
Enforcement ("ICE"); KRISTI NOEM, in her
official capacity as Secretary, U.S.
Department of Homeland Security; TODD
M. LYONS, in his official capacity as
Acting Director of ICE; and PAMELA
BONDI, in her official capacity as Attorney
General, U.S. Department of Justice,

                      Respondents.
```

25 Civ. 10203 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On December 9, 2025, Petitioner Wahidur Rahman filed a petition for a writ of habeas corpus (the "Petition") seeking relief from immigration detention under 28 U.S.C. § 2241.  (Dkt. #1).  On December 10, 2025, the Court issued an Order directing Respondents to file a letter discussing whether this case is distinguishable from previous cases decided by the Court.  (Dkt. #4).

The Court appreciates Respondents' prompt and thorough response. Respondents concede that the facts of this case are "materially indistinguishable" from an earlier case before this Court, *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF), and that "that decision would control the result in this case if the Court adheres to the legal holdings in that decision."  (Dkt. #8 at 3). This Court granted Mr. Ortiz-Lopez's petition for a writ of habeas corpus in that

case.  (*See Ortiz-Lopez* Dkt. #13).  As such, Mr. Rahman's Petition in this action is GRANTED for the reasons set forth on the record in the October 22, 2025 conference in *Ortiz-Lopez*.  (*See Ortiz-Lopez* Dkt. #15).

Respondents are ORDERED to transport Petitioner back to the Southern District of New York, with the help of United States Immigration and Customs Enforcement, by **December 15, 2025**, and immediately upon effectuating his transfer, to release Petitioner from custody.  *See Lopez Benitez* v. *Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025).  Respondents may impose only the restraints on Petitioner's liberty that existed prior to his re-detention on December 9, 2025.  Respondents are further ORDERED to certify compliance with this Order no later than **5:00 p.m.** on **December 16, 2025**.  *See id.*; *Tuma Huamani* v. *Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025).

Respondents are ENJOINED from re-detaining Petitioner without a valid exercise of discretion under 8 U.S.C. § 1226(a).  Respondents are further ENJOINED, absent an additional Court Order, from denying bond to Petitioner in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b).  It is further ORDERED that if Petitioner is granted bond, Respondents are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).  *See Rueda Torres* v. *Francis*, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   December 12, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3