**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WAHIDUR RAHMAN,

                                   Petitioner,                  25 **CIVIL** 10203 (KPF)

          -against-                                      **JUDGMENT**

JUDITH ALMODOVAR, in her official capacity as
Acting New York Field Office Director, U.S.
Immigration & Customers Enforcement ("ICE");
KRISTI NOEM, in her official capacity as Secretary,
U.S. Department of Homeland Security; TODD M.
LYONS, in his official capacity as Acting Director
of ICE; and PAMELA BONDI, in her official
capacity as Attorney General, U.S. Department
of Justice,

                                 Respondents.
-------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Order dated December 12, 2025, this Court has granted Mr. Ortiz-Lopez's petition for a writ of habeas corpus in that case. (See Ortiz-Lopez Dkt. #13). As such, Mr. Rahman's Petition in this action is GRANTED for the reasons set forth on the record in the October 22, 2025 conference in Ortiz-Lopez. (See Ortiz-Lopez Dkt. #15). Respondents are ORDERED to transport Petitioner back to the Southern District of New York, with the help of United States Immigration and Customs Enforcement, by December 15, 2025, and immediately upon effectuating his transfer, to release Petitioner from custody. See Lopez Benitez v. Francis, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025). Respondents may impose only the restraints on Petitioner's liberty that existed prior to his re-detention on December 9, 2025. Respondents are further ORDERED to certify compliance with the Order no later than 5:00 p.m. on December 16, 2025. See id.; Tuma Huamani v. Francis, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025). Respondents are ENJOINED from re-detaining Petitioner without a

valid exercise of discretion under 8 U.S.C. § 1226(a). Respondents are further ENJOINED, absent an additional Court Order, from denying bond to Petitioner in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b). It is further ORDERED that if Petitioner is granted bond, Respondents are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2). See Rueda Torres v. Francis, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025); accordingly, the case is closed.

**DATED:**  New York, New York
December 15, 2025

**TAMMI M. HELLWIG**

_____
**Clerk of Court**

**BY:**          K. mango

_____
**Deputy Clerk**