UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAHIDUR RAHMAN,

Petitioner,

-v.-

KENNETH GENALO, *in his official capacity as New York Field Office Director, U.S. Immigration & Customs Enforcement ("ICE")*; MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *in his official capacity as the Senior Officer Performing the Duties of the Director of ICE*; and TODD BLANCHE, *in his official capacity as Attorney General, U.S. Department of Justice*,

Respondents.

25 Civ. 10203 (KPF)

**ORDER RESOLVING MOTION TO STAY**

KATHERINE POLK FAILLA, District Judge:[1]

The Court has considered Respondents' motion for a stay pending appeal (Dkt. #22-23), and Petitioner's cross-motion for additional attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412 (Dkt. #24). For the reasons that follow, the Court denies both applications.

"To secure a stay pending appeal, the Government must show that it is likely to succeed on the merits and that it is likely to suffer irreparable harm without a stay. It must also demonstrate that the balance of equities does not counsel against relief." *Trump* v. *California*, 609 U.S. —, 2026 WL 2473573, at *2 (U.S. Aug. 24, 2026) (citing *Trump* v. *Cook*, 146 S.Ct. 2234, 2246 (2026)).

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the parties now listed in the caption are automatically substituted as parties for their predecessors in office. The Clerk of Court is directed to amend the caption accordingly.

Here, the issuance by the Supreme Court of a writ of certiorari in *Montoya Palacios* v. *Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026), to address whether a petition for habeas corpus that challenges civil immigration detention amounts to a "civil action" under the EAJA does not presage success of the Respondents' arguments on the merits, and, more particularly, does not supply a basis for this Court to reject existing Second Circuit precedent. *See Vacchio* v. *Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005) (concluding that "a habeas proceeding challenging immigration detentions constitutes a 'civil action' under the EAJA"); *see generally United States* v. *Moreno*, No. 94 Cr. 165 (SS), 2000 WL 1843232, at *5 (S.D.N.Y. Dec. 14, 2000) (Sotomayor, J.) ("[D]istrict courts and other inferior courts are bound by decisions of the Court of Appeals in the appropriate circuit unless overruled by an intervening Supreme Court decision or other change in law." (citing *Ithaca Coll.* v. *NLRB*, 623 F.2d 224, 228 (2d Cir. 1980))). Similarly, the Court finds that Respondents have not demonstrated irreparable harm if they are obligated to pay attorneys' fees of $3,438.47 while the Supreme Court resolves *Montoya Palacios*; in this regard, the Court is confident that Petitioner's counsel would abide by a court order directing the return of the fees award. Finally, the Court finds that the balance of equities in this proceeding is neutral.

Respondents' principal argument is that a "stay serves the interest of judicial economy." (Dkt. #23 at 3). That might have been the case if the parties had moved to stay the proceedings after certiorari was granted but before this Court had resolved the fee petition. However, with the petition

resolved and the only remaining issue being one of payment, Respondents' arguments have considerably less traction.[2]

Petitioner not only opposes the motion to stay, but also seeks additional legal fees incurred in opposing the motion. (Dkt. #24 at 6). The Court denies this application as well. As with the Court's prior Order of August 18, 2026 (Dkt. #21), the key issue here is whether Respondents' litigation position was "substantially justified" (*id.* at 3-11 (collecting cases)). This time, the Court concludes that it was: Particularly given the fact that other courts in this Circuit *have* stayed their cases pending resolution of *Montoya Palacios*, *see Salgado* v. *Francis*, No. 25 Civ. 6524 (VEC), 2026 WL 2123305, at *1 (S.D.N.Y. July 23, 2026) (granting stay over petitioner's opposition); *Martinez* v. *Joyce*, No. 25 Civ. 10376 (GBD) (BCM), 2026 WL 2059788, at *1 (S.D.N.Y. July 16, 2026) (granting stay with parties' consent), Respondents' decision to request a stay in this matter was substantially justified.

[2] The Court expresses no opinion on whether Respondents should renew those arguments for a stay in the Second Circuit.

## CONCLUSION

Respondents' motion for a stay pending appeal is DENIED. Petitioner's motion for additional attorneys' fees is DENIED. The Clerk of Court is directed to terminate the motion pending at docket entry 22.

SO ORDERED.

Dated: September 1, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge